1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9   TRINIDAD HERNANDEZ,                          1:09-cv-00608-OWW-DLB (HC)

10                          Petitioner,

11          v.                                    ORDER DISMISSING PETITION FOR WRIT
                                                  OF HABEAS CORPUS AS MOOT

12                                                [Docs. 13 & 15]

13   J. HARTLEY, Warden,

                             Respondent.
14   _____/

15

16          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254.

18          On April 6, 2009, Petitioner filed the instant federal petition for writ of habeas corpus in

19   this Court.  Petitioner claims that the Governor's July 21, 2008 decision finding him unsuitable

     for parole violated his federal constitutional rights.
20
            On September 3, 2009, Respondent filed a notice that Petitioner was released on parole,
21
     and on September 23, 2009, Respondent submitted Petitioner's parole status sheet indicating that
22
     he was released on parole on August 25, 2009 to the South Central Parole Unit in Los Angeles,
23
     California.  Because Petitioner has been granted the relief he requested, the case is now moot.
24
     The case or controversy requirement of Article III of the Federal Constitution deprives the Court
25
     of jurisdiction to hear moot cases.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104
26
     S.Ct. 373, 374-75 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352
27
     (9th Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or the
28

1

1   parties lack a legally cognizable interest in the outcome." <u>Murphy v. Hunt</u>, 455 U.S. 478, 481

2   (1984).  The Federal Court is "without power to decide questions that cannot affect the rights of

3   the litigants before them." <u>North Carolina v. Rice</u>, 404 U.S. 244, 246 (1971) *per curiam*, *quoting*

4   <u>Aetna Life Ins. Co. v. Hayworth</u>, 300 U.S. 227, 240-241, (1937).

5 **ORDER**

6       Accordingly, IT IS HEREBY ORDERED that:

7       1.      The Petition for Writ of Habeas Corpus is DISMISSED as moot; and,

8       2.      The Clerk of Court is DIRECTED to enter judgment.

9   IT IS SO ORDERED.

10   **Dated:   September 25, 2009**           **/s/ Oliver W. Wanger**
                                        UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28